# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **C.P.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **Comm'r of SOCIAL SECURITY**, <br><br> *Defendant*. | **CIVIL ACTION NO.** <br> **3:25-cv-00037-TES-AGH** |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff's Motion for Attorney's Fees [Doc. 13] made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

### A.   Procedural History

On June 5, 2025, Plaintiff filed her opening brief arguing that her case should be remanded to the Commissioner of Social Security.[1] *See generally* [Doc. 9]. In lieu of filing a response brief, the Commissioner filed an Uncontested Motion for Entry of Judgment with Remand [Doc. 10] "pursuant to sentence four of 42 U.S.C. § 405(g)" on July 3, 2025. [Doc. 10, p. 1]. That same day, the Court granted the Commissioner's motion and

---

[1] At the administrative level, Attorney Kent Silver represented Plaintiff; however, on appeal to this Court, Attorney Nathaniel Heber represents her. [Doc. 6-2, p. 40]; [Doc. 1, p. 2]; [Doc. 9, p. 34]. That said, the Court has no issue with the 18.30 hours expended for the initial review of the administrative record to assess the feasibility of an appeal and prepare arguments for Plaintiff's appeal. *See* [Doc. 15-2, p. 3 (entries on 02/15/2025, 05/19/2025, and 05/20/2025)].

remanded Plaintiff's case for further proceedings. [Doc. 11, p. 1]. Based on a "prevailing party" argument under the EAJA, Plaintiff seeks $18,741.15 in attorney's fees.[2] [Doc. 13-1, p. 1]. The Commissioner opposes this amount. *See generally* [Doc. 14]. Now, based on having to file a Reply [Doc. 15] and respond to the Commissioner's arguments opposing the sought-after amount of attorney's fees, Plaintiff seeks an additional $3,959.03 for a total of $22,700.18. [Doc. 15, pp. 2, 10]. As explained more fully below, the Court **GRANTS in part** Plaintiff's motion for EAJA attorney's fees.

B. <u>Discussion</u>

The EAJA provides that a prevailing plaintiff may recover attorney's fees incurred in a suit against the United States unless the position of the United States was "substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also* [Doc. 13-1, p. 1 (quoting 28 U.S.C. § 2412(d)(1)(A))]. Since Plaintiff obtained a court order remanding her Social Security claim to the Commissioner for further proceedings, she is considered a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). The Commissioner, however, argues that Plaintiff "requests compensation for an unreasonable [number] of hours due to her counsel's inappropriate shotgun-style brief." [Doc. 14, p. 1]. The remaining arguments

---

[2] In arguing against the Commissioner's contention that her fee request is frivolous and that sanctions are appropriate because of her "outrageous" request, Plaintiff cites to a case from the Northern District of Georgia where the district court approved a fee award in the amount of $18,133.39. [Doc. 15, p. 9 (citing Order, *Kors v. O'Malley*, No. 1:23-cv-04249 (N.D. Ga. Mar. 10, 2025), Dkt. No. 21)]; *see also* [Doc. 14, p. 5].

from the Commissioner—in the Special Assistant United States Attorney's own words—are quoted below:

> Plaintiff's [c]ounsel extravagantly accumulated hours on a multitude of other irrelevant issues that did not clearly support Plaintiff's request for remand. This is especially egregious in this case because Plaintiff's [c]ounsel has extensive experience in Social Security litigation that includes working for the Commissioner's Office of General Counsel on an early defensibility review team, meaning he could reasonably anticipate that the first of ten arguments he raised would result in the Commissioner agreeing to voluntary remand and the other nine arguments were not relevant to the outcome of Plaintiff's case. This Court should not compensate Plaintiff's [c]ounsel for wasting its judicial resources evaluating irrelevant arguments.

[*Id.*]. To be clear, there wasn't really a "waste" of judicial resources for this case when the Commissioner filed the Uncontested Motion for Entry of Judgment with Remand along with a proposed order—which the Court signed. If anything, the Commissioner's recognition that remand was necessary for Plaintiff's case *saved* judicial recourses.

In any event, the Commissioner does not squabble with Plaintiff's prevailing-party status. [*Id.* at p. 2]. Rather, the Commissioner only objects to the excessive number of hours that Plaintiff claims for her attorney's work. [*Id.*]. As a basis for his objection, the Commissioner contends that "[o]ut of the ten issues raised"—in Plaintiff's 34-page opening brief in favor of reversal and remand—"only one clearly supported sending the case back for further review." [*Id.*]. According to the Commissioner, "the other nine issues were, at best, only marginally relevant." [*Id.* (citing [Doc. 9])].

In response to the Commissioner's assessment of the legal issues she raised to obtain remand, Plaintiff directs the Court to *Dowdell v. City of Apopka*. [Doc. 15, p. 2]. In

3

*Dowdell*, the Eleventh Circuit held to its precedent that "[t]he theory that fee applications should be dissected into 'winning' and 'losing' hours with the latter being non-reimbursable contradicts the law of this circuit." 698 F.2d 1181, 1187 (11th Cir. 1983). Indeed, other courts have rejected the Commissioner's suggestion that fee awards should be reduced "simply because [a] plaintiff failed to prevail on every contention raised in the lawsuit."[3] *Calvin v. Comm'r, Soc. Sec. Admin.*, No. 1;16-cv-02371, 2019 WL 13212609, at *2 (N.D. Ga. Nov. 15, 2019) (citing *Davis v. Cnty. of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (C.D. Cal. 1974)). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and [a] court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *United States v. Jones*, 125 F.3d 1418, 1429–30 (11th Cir. 1997) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 428 (1983)).

Although the Court didn't have to "reach" any of the grounds Plaintiff raised in favor of remand in this case because of the Commissioner's candid recognition and agreement that the case needed to be remanded, the Commissioner nonetheless argues that Plaintiff's nine "extraneous arguments made it harder for the Court to focus on the one important issue that actually resulted in the case being sent back for further

---

[3] And this makes perfect sense, especially considering that in every case where the Commissioner consents to remand on just one of many issues raised, the prevailing party would automatically stand to have his fee petition cut because he did not "prevail" on every single issue. The relevant EAJA statutes contain nothing to suggest that Congress intended such a result. *Cf. Comm'r, INS v. Jean*, 496 U.S. 154, 164–65 (1990) ("The [g]overnment's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights . . . .").

4

review." [Doc. 14, p. 3]. But again, what the Court reviewed with respect to Plaintiff's arguments for remand was merely the Commissioner's short, uncontested remand motion. Put simply, the Court didn't have to focus on any rebuttal arguments from the Commissioner aimed directly at whether Plaintiff's ten arguments were right or wrong because the Commissioner *agreed*—albeit just for one of those ten issues—that the case needed to be remanded. Put even more simply, Plaintiff prevailed. Thus, consistent with the Northern District of Georgia and the Eleventh Circuit, this Court once again holds that "a plaintiff who has prevailed against the United States *on one claim* may recover for all the hours reasonably expended on the litigation" even though she failed to prevail on—or did not need—the "other claims involving a common core of facts or related legal theories."[4] *Jones*, 125 F.3d at 1430 (emphasis added).

Three conditions must be satisfied before a district court can award EAJA attorney's fees: (1) the claimant must file an application for fees within thirty days of final judgment in the action; (2) assuming the fee application was timely filed, the claimant must qualify as a "prevailing party"; and (3) if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were

---

[4] The Eleventh Circuit has taken an expansive view in determining whether claims are related by a common core of fact. *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1579 (11th Cir. 1987) ("Because [a] plaintiff's counsel is required to 'explore every aspect of the case, develop all the evidence and present it to the court,' courts have expansively treated claims as being related.").

"substantially justified" or that there are "special circumstances" that countenance against the awarding of fees. 28 U.S.C. § 2414(d)(1)(A)–(B).

Here, Plaintiff's fee motion is timely, and, as discussed above, she is a prevailing party. Thus, the only issue that remains is whether the Commissioner can show that his positions were "substantially justified" or that there are "special circumstances" that make the amount requested by Plaintiff unjust. *Id.* In other words, with respect to any potentially "unjust" amount—the route under which the Commissioner proceeds in opposing the fee amount requested—§ 2412(d)(1)(C) permits district courts, in their discretion, to "reduce the amount to be awarded pursuant to [the EAJA], or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). Should a district court reduce a fee amount, though, it must "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Smith v. Comm'r of Soc. Sec.*, No. 24-11233, 2025 WL 263388, at *2 (11th Cir. Jan. 22, 2025) (quoting *Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc. (In re Home Depot)*, 931 F.3d 1065, 1089 (11th Cir. 2019)).

Courts use the lodestar method to calculate attorney's fees under the EAJA—that is, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997); *see also* [Doc. 13-1, pp. 2–4 (showing formula for hourly rate calculation with applied cost-of-living adjustment)].

6

However, courts have discretion to reduce a fee amount pursuant to 28 U.S.C. § 2412(d)(1)(C) and the guidance handed down by the Supreme Court in *Hensley.* 461 U.S. at 433–34. Mindful of that guidance, the Court recognizes that "[i]t remains for the district court to determine what fee is 'reasonable.'" *Id.*

Where a prevailing party and the Commissioner cannot agree on a fee amount the fee applicant—Plaintiff, here, obviously—"bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. [Her attorney] should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* at 437; *see also Steuer v. O'Malley*, No. CV 123-03, 2024 WL 2271838, at *1 (S.D. Ga. May 20, 2024). Plaintiff's counsel's billing records arguably use a mix of line-item and block billing.[5] Some dates bear general entries with large "blocks of time," and others consist of short, specific, and identified tasks. *See, e.g.*, [Doc. 15-2, pp. 3–4]. That said, for the reasons articulated below, the Court finds that a review of the number of hours Plaintiff's counsel worked on her case shows some of those hours "were not 'reasonably expended.'" *Id.* at 433–34.

First, the Court finds that Plaintiff has not carried her burden as to why she should recover 4.8 hours for filing a routine, even though opposed, motion to exceed page requirements. *See, e.g.*, [Doc. 15-2, pp. 3–4]. Plaintiff offered nothing to justify why

---

[5] Block billing is where an attorney "lump[s] together all the tasks performed by an attorney on a given day without breaking out the time spent on each task." *Smith*, 2025 WL 263388, at *2 (quoting *ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999)).

7

her admittedly qualified attorney needed almost half a business day to draft such a simple motion. Accordingly, the Court reduces that entry to the more reasonable amount of 1.0 hours.

Second, when it comes to the hours spent on Plaintiff's opening brief, the Court recognizes the rather lengthy administrative record for this case. Review and understanding of that record obviously took some time. *See* n.1, *supra*. To be candid, however, Plaintiff's counsel's billing descriptions regarding the preparation for the opening brief ought to be clearer. Plaintiff's counsel bills for the preparation of her opening brief for seven days—for a total of 44.9 hours. [Doc. 15-2, p. 3]. Except for one entry, Plaintiff's counsel completely fails to specify the tasks for that preparation.[6] *See Hensley*, 461 U.S. at 437; *see, e.g.*, [Doc. 15-2, p. 3 (entry on 06/02/2025)]. Without any specificity, the Court has no way of knowing how much time Plaintiff's counsel spent doing research for the legal arguments presented in the opening brief. *See, e.g.*, [Doc. 15-2, p. 3 (entries from 05/25/2025 to 05/28/2025, 05/30/2025, and 06/02/2025)]. Given Plaintiff's counsel's extensive knowledge of Social Security law and the fact that he's litigated some 300 Social Security cases during his (almost) 11-year tenure with the Commissioner's Office of General Counsel, the Court suspects that the hours spent

---

[6] "While [a fee applicant] has the burden to document expenditure of appropriate hours, *Hensley*, 461 U.S. at 437, [courts] should exercise discretion to 'exclude excessive or otherwise unnecessary hours,' bearing 'in mind that the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Steuer*, 2024 WL 2271838, at *1.

8

doing groundbreaking research were very few. [Doc. 13-3, Heber Aff., ¶¶ 4–5]. Not only does Plaintiff's counsel fail to provide sufficiently detailed billing for any research conducted, but the Court also—because of the oversimplified billing practices—cannot discern how much time counsel devoted to the actual drafting of Plaintiff's opening brief. *See, e.g.*, [Doc. 15-2, p. 3 (entries from 05/25/2025 to 05/28/2025, 05/30/2025, and 06/02/2025)].

And third, the same goes for Plaintiff's counsel's billing description for the Reply regarding her EAJA attorney's fees request. [*Id.* at p. 4 (entries on 08/16/2025 and 08/18/2025)]. The billing records show two general billing descriptions totaling 15.4 hours. [*Id.*]. Without any breakdown—or "proof," rather—of what portion of those 15.4 hours were used for research, drafting, or editing, the Court has no way of determining whether the number of hours is truly reasonable. *See Hensley*, 461 U.S. at 437.

Thus, in exercising the discretion afforded to it under § 2412(d)(1)(C), the Court reduces the hours spent preparing Plaintiff's opening brief and for her Reply regarding her EAJA attorney's fees request by 20% because of the multi-task entries that make it impossible for the Court to evaluate the reasonableness of specific time requested. *See Steuer*, 2024 WL 2271838, at *2. "Generally, in EAJA cases, a reasonable amount of time that attorneys spend on a Social Security appeal is 20 to 40 hours," but courts "have awarded attorney's fees above the typical range." Order, *Georgina K. v. Dudek*, No. 1:23-cv-04249-LTW (N.D. Ga. Mar. 10, 2025), Dkt. No. 21 at pp. 6–7 (citing cases); *see also*

9

*B.M. v. Comm'r of Soc. Sec.*, No. 1:19-CV-57, 2021 WL 1175211, at *1 (M.D. Ga. Mar. 26, 2021) (recognizing typical work time in EAJA varies between 20 and 40 hours).

### C.      Calculations

Having articulated its reasons for the above-discussed reductions, the Court calculates Plaintiff's EAJA fees as follows. *Smith*, 2025 WL 263388, at *2.

| | |
|---|---|
| **HOURS REQUESTED:** | 72.9 hours x $257.08 = $18,741.15<br>15.4 hours x $257.08 = $3,959.03<br>*Total Fees Requested for 88.3 hours: $22,700.18* |
| **ADJUSTMENT:** | Prepared Motion for Page Extension for 4.80 hours<br>(Reduced by 3.80 hours to 1.0 hours)<br><br>Prepared Opening Brief for 42.7 hours<br>(Reduced by 20%[7] (8.50 hours) to 34.20 hours)<br><br>Prepared EAJA Reply for 15.4 hours<br>(Reduced by 20% (3.10 hours) to 12.30 hours) |
| **TOTAL REDUCTION:** | Reduced 3.80 hours + 8.50 hours + 3.10 = 15.40 hours<br>88.3 hours – 15.40 reduced hours = 72.90 hours |
| **TOTAL FEE AWARD:** | 72.90 hours x $257.08 = $18,741.13 |

### D.      Conclusion

In the event Plaintiff has executed an assignment in this case regarding attorney's fees and to the extent that there is no dispute that Plaintiff's assignment satisfies the provisions of the Anti-Assignment Act, 31 U.S.C. § 3727 (or that the Commissioner will

---

[7] The Court rounded any calculation to the tenth of an hour, consistent with most attorney billing practices.

waive its provisions), the Court **GRANTS in part** Plaintiff's Motion for Attorney's Fees [Doc. 13] in the amount of **$18,741.13**.

Any payment shall be made payable to Plaintiff subject to offset by any debt owed by Plaintiff to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (holding that an EAJA award "is payable to the litigant and is therefore subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant [may] owe[] the United States"). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner may accept Plaintiff's assignment of EAJA fees, to the extent Plaintiff made such an assignment, and pay them directly to Plaintiff's counsel. *Griffin v. Astrue*, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in *Ratliff* to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

**SO ORDERED**, this 5th day of September, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**